UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHELBIE LINHART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:21-cv-2404 |
| | ) |
| CREST MANAGEMENT INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Shelbie Linhart ("Linhart" or "Plaintiff"), by counsel, brings this action against Defendant, Crest Management Inc. – Bexley Village ("Defendant"), alleging a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq*.

### II. PARTIES

2. Linhart is a resident of Johnson County in the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a domestic for-profit corporation that systematically conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Linhart was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Linhart satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on race and retaliation. The EEOC issued Linhart her Notice of Suit Rights, and Linhart timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

9. Linhart was hired by Defendant on or about November, 27, 2017. Most recently, she worked for Defendant as a Leasing Specialist at Bexley Village.

10. At all relevant times, Linhart met or exceeded Defendant's legitimate performance expectations.

11. On or about June 2020, Linhart began reporting to Deb Sila ("Sila"), who replaced April Hall as Property Manager over both the Bexley and Barton Farms locations.

12. At Bexley, there was a resident ("the Resident") who was a known racist and who had routinely complained over the years about minority residents of the apartments.

13. On or about December 21, 2020, the Resident confronted two resident children, who were Black, chastised them, and followed them home. Linhart received a complaint about the Resident's behavior, so Linhart spoke with witnesses to the events. Other residents submitted additional complaints about how the Resident had treated them. Consequently, Linhart, whose child is Black, engaged in a protected activity and complained on behalf of herself and others about the Resident's behavior toward minorities.

14. Sila terminated Linhart for sending her an email that engaged in a protected activity, noting that Linhart "was making [Sila's] job harder."

## V. CAUSE OF ACTION

### COUNT I: TITLE VII - RACE DISCRIMINATION

15. Linhart hereby incorporates by reference paragraphs one (1) through fourteen (14) as if the same were set forth at length herein.

16. Linhart is associated with a member of a protected class due to their race.

17. Defendant terminated Linhart's employment due to her association with a member of a protected class.

18. Defendant's actions were intentional, willful and in reckless disregard of Linhart's rights as protected by Title VII of the Civil Rights Act of 1964.

19. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

### COUNT II: RETALIATION

20. Paragraphs one (1) through nineteen (19) of Linhart's Complaint are hereby incorporated.

21. Linhart engaged in protected activity when she complained on behalf of herself and others about the Resident's behavior toward minorities.

22. Linhart was retaliated against for engaging in protected activity.

23. Defendant's actions were intentional, willful and in reckless disregard of Linhart's legal rights.

24. Plaintiff has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Shelbie Linhart, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Plaintiff of front pay in lieu thereof;

2. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race;

3. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Compensatory damages for Defendant's violations of Title VII;

6. Punitive damages for Defendant's violations of Title VII;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

s/Andrew Dutkanych III
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Shelbie Linhart*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Shelbie Linhart, by counsel, requests a trial by jury on all issues deemed so triable.

        Respectfully submitted,

        s/Andrew Dutkanych III
        Andrew Dutkanych III
        BIESECKER DUTKANYCH & MACER, LLC
        144 North Delaware Street
        Indianapolis, Indiana 46204
        Telephone: (317) 991-4765
        Facsimile: (812) 424-1005
        Email: ad@bdlegal.com
        *Counsel for Plaintiff, Shelbie Linhart*